# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:17-cv-00324-MR
### [CRIMINAL CASE NOS. 1:08-cr-00082-MR-2,
### 1:09-cr-00055-MR-1, 1:09-cr-00058-MR-1]

| | | |
|---|---|---|
| LARRY MICHAEL COPELAND, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate,

Set Aside, or Correct Sentence, filed under 28 U.S.C. § 2255 [Doc. 1].

## I.    BACKGROUND

In 2009, *pro se* Petitioner Larry Michael Copeland pled guilty in three

criminal actions, which were consolidated for sentencing.  Criminal Case

Nos. 1:08-cr-00082 (W.D.N.C.), 1:09-cr-00055 (M.D.N.C.), and 1:09-cr-

00058 (D.S.C.).  Specifically, Petitioner plead guilty to (1) bank robbery and

aiding and abetting such, in violation of 18 U.S.C. §§ 2113(a) and 2 (Count

One, in 1:08-cr-00082); (2) possession of a firearm in relation to a crime of

violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Three, in 1:08-cr-

00082); (3) bank robbery and aiding and abetting such, in violation of 18

U.S.C. §§ 2113(a) and 2 (Count One, in 1:09-cr-00055); and (4) bank robbery, in violation of 18 U.S.C. § 2113(a) (Count One, in 1:09-cr-00058). [See Crim. No. 1:08-cr-82-MR-2 ("CR"), Doc. 99: Judgment].

On July 8, 2010, this Court sentenced Petitioner to a term of 136 months on Count One in each of Criminal Case Nos. 1:08-cr-00082, 1:09-cr-00055, and 1:09-cr-00058, to be served concurrently; and to a term of 84 months on Count Three of Criminal Case No. 1:08-cr-00082, to be served consecutively to the term imposed in Count One of Criminal Case Nos. 1:08-cr-00082, 1:09-cr-00055, and 1:09-cr-00058, for a total term of 220 months' imprisonment. [Id.]. Petitioner did not appeal.

Petitioner filed a motion to vacate on June 27, 2016, seeking sentencing relief under Johnson v. United States, 135 S. Ct. 2551 (2015). [Civil Case No. 1:16-cv-00224, Doc. 1]. Specifically, Petitioner contended that his "conviction and resulting 84 month consecutive sentence for possession of a firearm in relation to a crime of violence . . . should be vacated in light of [the] rule announced in [Johnson] where the definition of crime of violence contained in Section 924(cA)(3)(B) is unconstitutionally vague in violation of due process." [Id. at 22]. This Court denied Petitioner's motion to vacate on the merits on October 7, 2016. [Id., Doc. 6].

Petitioner filed the instant motion to vacate on November 30, 2017, asserting a claim of ineffective assistance of counsel based on counsel's alleged failure to file objections to the PSR with respect to certain sentencing enhancements that were recommended based on Petitioner's prior convictions.  [Doc. 1].

## II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief.  After having considered the record in this matter, the Court finds that no response is necessary from the United States.  Further, the Court finds that this matter can be resolved without an evidentiary hearing.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Thus, Petitioner must first obtain an order from the United States Court of Appeals for the

Fourth Circuit before this Court will consider any successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."). Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place.").

## IV. CONCLUSION

For the reasons stated herein, Petitioner's motion to vacate is dismissed as successive.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that

the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **DENIED** and **DISMISSED** as a successive petition.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: March 27, 2018

Martin Reidinger
United States District Judge